**UNITED STATES COURT OF APPEALS**

**November 29, 2011**

**TENTH CIRCUIT**

CALVIN KARL CHEEKS,

      Petitioner–Appellant,

v.

RICHARD SMELSER; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents–Appellees.

No. 11-1370
(D.C. No. 1:11-CV-01235-CMA)
(D. Colo.)

## ORDER DENYING A CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

      Calvin Cheeks, a Colorado state prisoner proceeding pro se, appeals from the

district court's order denying his petition for a writ of habeas corpus. We deny a

Certificate of Appealablity ("COA") and dismiss this appeal.

---

      * The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. The
court generally disfavors the citation of orders and judgments; nevertheless, an order and
judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

# I

A Colorado jury convicted Cheeks of armed robbery and other crimes based on evidence seized during a search of Cheeks' residence following his arrest. To conduct the search, police obtained a warrant for a "multi-commercial use building" located at "3040 South Academy Boulevard, Colorado Springs," which Cheeks had given as his primary address. Building management told police that the "3040" address encompassed the entire building. Upon entering through a door marked "3040," officers made two discoveries: First, a piece of mail on the floor listed Cheeks' name at "3044 South Academy Boulevard." Second, the officers saw the painted number "3044" over the inside of the door through which they had entered. Based on this information, one of the detectives revised the search warrant affidavit to cover "3044 South Academy Boulevard." The judge issued a second warrant with the "3044" address, and the officers seized various incriminating items from the premises.

Cheeks filed a motion to suppress this evidence, arguing that the first warrant lacked sufficient particularity and that the second warrant was tainted by the first. The trial court held a hearing to consider Cheeks' Fourth Amendment claim. Two detectives involved in the search testified at the hearing. Cheeks cross-examined these witnesses, and the court offered him an opportunity to introduce defense witnesses. Based on the evidence presented at the hearing, the trial court denied Cheeks' motion to suppress.

After the jury found Cheeks guilty, he appealed the trial court's denial of his suppression motion to the Colorado Court of Appeals. The state appellate court agreed

with Cheeks that the first warrant was overbroad, but determined that the second warrant was valid, and the search lawful under the "independent source" doctrine. See Murray v. United States, 487 U.S. 533, 542 (1988) (holding that a subsequent warrant can provide a valid independent source so long as the initial entry did not affect the police's "decision to seek the warrant" or the judge's "decision to issue the warrant"). The court explained: "Nothing in the revised affidavit's probable cause showing was dependent on observations made during the execution of the first warrant. The only new information involved facts relevant not to probable cause but only to the correctness of defendant's address on the first warrant." Accordingly, the court affirmed Cheeks' conviction.

Cheeks subsequently filed an application for a writ of habeas corpus in federal district court, again asserting that the trial court admitted evidence in violation of his Fourth Amendment rights. The district court concluded that it was barred from reaching the merits of Cheeks' claim because Cheeks had a full and fair opportunity to litigate that claim in state court. See Stone v. Powell, 428 U.S. 465, 494 (1976). Based on this determination, the court denied Cheeks' petition with prejudice.

## II

In order for Cheeks to proceed on appeal, we must grant him certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Cheeks must therefore show that "reasonable jurists could debate whether (or, for that matter, agree that)" the district court erred in concluding that the Stone bar precludes

review of his claim.  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

## A

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  Stone, 428 U.S. at 494.  A full and fair opportunity includes, but is not limited to, "the procedural opportunity to raise or otherwise present a Fourth Amendment claim" and a "full and fair evidentiary hearing."  Cannon v. Gibson, 259 F.3d 1253, 1260-61 (10th Cir. 2001).  In addition, the state court must recognize "the correct Fourth Amendment constitutional standards" and provide an "at least colorable" application of those standards.  Id. at 1261.

## B

Cheeks does not dispute that the state trial court provided him with a full evidentiary hearing.  He further acknowledges that Murray, upon which the Colorado Court of Appeals relied, sets forth the correct Fourth Amendment standard in this case. Cheeks takes issue, however, with the state appellate court's application of Murray.  In particular, Cheeks argues that the independent source doctrine cannot apply where information from an unlawful search is used to correct the address on a search warrant. Although Murray does not speak to this scenario directly, it explains that the function of the independent source doctrine is to ensure that "invoking the exclusionary rule" puts the police and society in the "same position they would have occupied if no violation

-4-

occurred," not "in a <u>worse</u> one." 487 U.S. at 541. The Colorado Court of Appeals' application of <u>Murray</u> suggests fidelity to this proposition. We cannot say, therefore, that the state court failed to provide Cheeks with a "colorable" Fourth Amendment analysis under of the principles of that case. Upon review of the district court order and the state court record, we agree that Cheeks had a full and fair opportunity to litigate his Fourth Amendment claim in state court.

**III**

Cheeks' motion for a COA is **DENIED**. We **GRANT** his motion to proceed in forma pauperis.

Entered for the Court


Carlos F. Lucero
Circuit Judge