FILED
United States Court of Appeals
Tenth Circuit

July 13, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CALVIN KARL CHEEKS,

Petitioner-Appellant,

v.

DAVID ZUPAN; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

Respondents-Appellees.

No. 12-1183
(D.C. No. 1:12-CV-00695-LTB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **EBEL**, and **HOLMES**, Circuit Judges.

---

Calvin Karl Cheeks, a state prisoner proceeding pro se, seeks a certificate of

appealability (COA) to challenge the district court's order dismissing his petition for

habeas relief as an unauthorized second or successive 28 U.S.C. § 2254 application.

We DENY a COA and DISMISS this appeal.

### BACKGROUND

Mr. Cheeks was convicted in 2007 on aggravated-robbery and other charges,

and sentenced to sixteen years' imprisonment. He appealed, arguing that the trial

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court erroneously denied his motion to suppress. Specifically, he claimed that the search warrant for his residence was invalid because it identified his address as "3040 South Academy Boulevard," which was "a multi-commercial use building within a shopping complex," rather than "3044" South Academy Boulevard, which was one of the building's units. R. at 29 (quotations omitted). The Colorado Court of Appeals determined that the search of Mr. Cheeks's residence was constitutional because the police obtained a second search warrant identifying the residence's correct address number, 3044, upon learning of the mistake. The Court of Appeals explained that the initial entry under the first warrant's authority did not taint the second search warrant because the latter was not "dependent on observations made during the execution of the first warrant. The only new information involved facts relevant not to probable cause but only to the correctness of [Mr. Cheeks's] address on the first warrant." *Id.* at 37. Accordingly, the court affirmed Mr. Cheeks's conviction, with one judge dissenting. The Colorado Supreme Court denied certiorari.

In May 2011, Mr. Cheeks filed his first petition for federal habeas relief, again attacking the search warrants' constitutionality. The district court denied relief, ruling that he had already litigated his Fourth Amendment claim in state court.

Mr. Cheeks then appealed to this court, but we denied a COA and dismissed the appeal, noting that "'[w]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an

unconstitutional search or seizure was introduced at his trial.'" *Cheeks v. Smelser*, 448 F. App'x 848, 850 (10th Cir. 2011) (quoting *Stone v. Powell*, 428 U.S. 465, 494 (1976)).

In March 2012, Mr. Cheeks filed another § 2254 habeas petition in federal district court, arguing that the police knew before entering his residence that the "warrant was overly broad in that it authorized the search of the entire building designated 3040 S. Academy rather than specifying the smaller subunit . . . belonging to petitioner." R. at 15. The district court dismissed the petition, concluding that it lacked jurisdiction to consider Mr. Cheeks's second or successive habeas claim because he had not sought authorization to file such a claim from this court. And the district court declined to transfer the claim to this court, finding that a transfer would not promote the interest of justice. Finally, the district court declined to issue a COA and it denied Mr. Cheeks's motion for leave to proceed in forma pauperis (IFP) on appeal.

Mr. Cheeks now seeks a COA and IFP status from this court.

### DISCUSSION

To obtain a COA, Mr. Cheeks must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But when the district court's decision rests on procedural grounds, such as a

determination that a pleading presents unauthorized second or successive habeas claims, "the applicant faces a double hurdle." *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008). Specifically, the applicant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Mr. Cheeks does not address the district court's ruling that it lacked jurisdiction to consider his latest habeas claim. We conclude that no reasonable jurist could debate the district court's ruling. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . 28 U.S.C. § 2254 claim until this court has granted the required authorization.").

Nor has he demonstrated any debatability in the district court's decision to not transfer his latest habeas claim to this court. When a prisoner files a second or successive habeas application without first obtaining authorization from the court of appeals, the district court has two options: dismiss it for lack of jurisdiction or transfer it to the court of appeals if it is in the interest of justice. *See In re Cline*, 531 F.3d at 1252-53.

The interest of justice is not served by transferring a meritless claim. *Id.* at 1251. Here, Mr. Cheeks's latest habeas claim appears to be nothing more than a reformulation of his Fourth Amendment challenge to the search warrants'

- 4 -

identification of his address. The claim does not rely on either a new rule of retroactive constitutional law or a previously undiscoverable factual predicate so as to qualify for second or successive consideration. *See* 28 U.S.C. § 2244(b)(2). Rather, he advances only a different interpretation of the testimony at the state-court suppression hearing, claiming that police knew their warrant was overbroad before they entered his residence.

Further, the Colorado Court of Appeals provided a full and fair opportunity for litigation of Mr. Cheeks's claim. Indeed, that court rejected even the current formulation of Mr. Cheeks's claim by determining that the police discovered the initial warrant's overbreadth *after* they entered Mr. Cheeks's residence. Thus, as we said in Mr. Cheeks's first habeas appeal, the re-litigation of a search-and-seizure claim will not garner habeas relief. *See Cheeks*, 448 F. App'x at 849-50 (citing *Powell*, 428 U.S. at 494).

Finally, because Mr. Cheeks's first habeas petition was clearly denied by the district court and followed by an unsuccessful appeal, he "should have realized that the forum in which he . . . filed [his second or successive claim without prior authorization] was improper." *In re Cline*, 531 F.3d at 1252 (quotation omitted); *see id.* at 1251-52.

Consequently, no reasonable jurist could disagree with the district court's decision to dismiss, rather than transfer, Mr. Cheeks's claim to this court.

**CONCLUSION**

Mr. Cheeks's application for a COA is DENIED and this appeal is DISMISSED. The request for leave to proceed IFP is DENIED.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk